UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WILLIE R. GRIFFIN,**

    Plaintiff,

  v.                                     Case No. 17-CV-701

**CITY OF CHICAGO,
CITY OF LAS VEGAS,
CITY OF INDIANAPOLIS,
CITY OF OMAHA,
CITY OF JACKSON,**

    Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS TO PROCEED WITHOUT PREPAYING THE FILING FEE

The plaintiff, Willie R. Griffin, who is proceeding without the assistance of counsel, filed this action on May 18, 2017, naming the Cities of Chicago, Las Vegas, Indianapolis, Omaha, and Jackson as defendants. Complaint, ECF No. 1. This matter comes before the Court on Mr. Griffin's motion for leave to proceed without prepaying the filing fee. ECF No. 2. Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, *see* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the case is reassigned to a district judge for screening. This Court will recommend that U.S. District Judge J.P. Stadtmueller deny Mr. Griffin's motion for leave to proceed without prepayment of the filing fee and that the case be dismissed.

Any court of the United States may authorize a litigant to proceed in an action without prepayment of fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

Mr. Griffin asserts that he has no income. ECF No. 2, at 2. Mr. Griffin also lists no expenses or property. *Id.* at 2-4. It is implausible that Mr. Griffin has no expenses, as there is cost to living. The Court concludes that Mr. Griffin is unable to pay the fees and costs of commencing this action. Consequently, the Court will proceed to the second step of the inquiry and analyze whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous, for purposes of § 1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Thus, the Court may dismiss an action as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." *Id.* at 32 (quoting *Neitzke*, 490 U.S. at 327).

The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611-12

2

Case 2:17-cv-00701-JPS    Filed 06/27/17    Page 2 of 5    Document 5

(7th Cir. 2000). That is, to survive dismissal, the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt*, 224 F.3d at 612. Moreover, the Court must liberally construe a pro se plaintiff's allegations, no matter how "inartfully pleaded." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Mr. Griffin appears to allege that he had rights violated by social security taxes being taken out of his checks on pay day. Complaint, ECF No. 1, at 2. Further, he alleges that the security at Catholic Charities violated his rights by helping others to get information about him. *Id.* at 2-3. Further, Mr. Griffin complains of actions by the police in Las Vegas, Nevada, and Omaha, Nebraska ("want arrest as bing[sic] a sit down on attorney"). *Id.* at 3. Mr. Griffin also alleges that Pacific Garden Mission Shelter violated his rights by refusing to allow him to keep his food in his locker. *Id.* He further alleges that a nurse in Jackson, Mississippi, violated his rights by wanting his blood via improper procedure. *Id.* The relief Mr. Griffin seeks is for those people to be locked up in federal prison. *Id.* at 4.

In the attachment to his complaint, Mr. Griffin asserts that he seeks $50 trillion dollars for conspiracy, "ading [sic] a Microphone Protester demanstraition

3

[sic]," and fraud and attempted murder. ECF No. 1-2, at 1. He lists issues with his tobacco at a shelter in Las Vegas, threats allegedly made by the shelter, and crimes being committed by foreigners. *Id*. Mr. Griffin asserts additional crimes on another page, including slander, harassment, use of a computer committing crime, unlawful acts, blackmail, illegal tracking, and starting war against an attorney. *Id*. at 2. Mr. Griffin further describes an incident where he was required to get a tuberculosis (TB) test before being permitted to stay at a shelter, and takes issue with a nurse who wanted to give him a blood test instead of a chest x-ray. *Id*. at 8. Mr. Griffin further complains that a shelter in Chicago, Illinois, did not permit him to bring food into the shelter or put food in his locker. *Id*. Mr. Griffin also included pages of polygraph testing questions for social security personnel (*id*. at 5), for the microphone men (*id*. at 6), for Las Vegas (*id*. at 9), and for a Jackson, Mississippi, nurse (*id*. at 9). Mr. Griffin additionally asserts some statements of relief, causes, and "clain" [sic], *id*. at 10, and some facts, *id*. at 11, and beliefs. *Id*. at 12.

Put simply, even under the liberal pleading standard afforded to pro se litigants, Mr. Griffin's allegations do not plausibly to state a cognizable federal claim to relief. Additionally, Mr. Griffin's complaint does not contain allegations pertaining to any action taken by the cities he named as defendants, apart from a vague statement about police actions in Omaha and Las Vegas.

Accordingly, having determined that the requirements of § 1915(e)(2) are not satisfied, the Court will recommend that the district court deny Mr. Griffin's motion for leave to proceed without prepayment of the filing fee. Because Mr. Griffin has failed to state a claim upon which relief may be granted, and because the defects in

4

the complaints are not curable, the Court recommends that the district judge dismiss this action in its entirety.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** and that judgment be entered accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2017.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge